IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEGRAND J. VAN GASS, LIBERTI VAN GASS,<br><br>    Plaintiffs,<br><br>vs.<br><br>GMAC MORTGAGE CORPORATION, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MORTGAGE ELECTRONIC SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT<br><br><br><br>Case No. 2:10-CV-89 TS |

       This matter is before the Court on a Motion to Dismiss filed by Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs have not responded to the Motion.

       Pursuant to Local Rule 7-1(d), the Court has the ability to grant Defendant's Motion based on Plaintiffs' failure to respond.[1] Having reviewed the merits of the Motion, the Court finds that it is well-taken and will be granted. Therefore, the claims against Defendant MERS are dismissed.

---

[1] DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.")

1

Counsel for Plaintiffs is reminded of his responsibilities under Federal Rule of Civil Procedure 11 and the Utah Rules of Professional Conduct, as adopted and interpreted by this Court, and the possible penalties for violating those rules.[2] Counsel should consider the following when filing matters with this Court, especially those matters that have been continually rejected by the Court.

Utah Rule of Professional Conduct 3.1 states: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law." Rule 3.3(a)(2) provides that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Under Rule 8.4(a) it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct.

> Under Fed.R.Civ.P. 11(b)
>
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for

---

[2] *See* Fed.R.Civ.P. 11 and DUCivR 83-1.5.1(a).

further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Pursuant to Rule 11, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[3] "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."[4]

Counsel is put on notice that violation of the above-listed rules may result in the issuance of sanctions and/or disciplinary action.

Based on the above, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 13) is GRANTED.

DATED   October 25, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] Fed.R.Civ.P. 11(c)(1).

[4] Fed.R.Civ.P. 11(c)(4).

3